## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

### MOTION INFORMATION STATEMENT

Docket Number(s): 13-1217 _____ Caption [use short title] _____

Motion for: seal

Set forth below precise, complete statement of relief sought:

leave to file unredacted version of page-proof opening

brief under seal

_____

_____

_____

Wing F. Chau and Harding Advisory LLC   v.

Michael Lewis, Steven Eisman, and W.W. Norton & Co.

**MOVING PARTY:** Wing F. Chau & Harding Advisory LLC     **OPPOSING PARTY:** Lewis, Eisman, & W.W. Norton

[✓] Plaintiff          [ ] Defendant
[✓] Appellant/Petitioner   [ ] Appellee/Respondent

**MOVING ATTORNEY:** Robert K. Kry          **OPPOSING ATTORNEY:** Celia G. Barenholtz
[name of attorney, with firm, address, phone number and e-mail]

MoloLamken LLP                          Cooley LLP
600 New Hampshire                       1114 Avenue of the Americas
Washington, D.C. 20037                  New York, New York  10036
202-556-2011, rkry@mololamken.com       212-479-6000, cbarenholtz@cooley.com

Court-Judge/Agency appealed from: SDNY (Daniels, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes  [ ] No (explain):_____

_____

Opposing counsel's position on motion:
[✓] Unopposed  [ ] Opposed  [ ] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes  [✓] No  [ ] Don't Know

Is oral argument on motion requested?  [ ] Yes  [✓] No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes  [✓] No  If yes, enter date:_____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?  [ ] Yes  [ ] No
Has this relief been previously sought in this Court?  [ ] Yes  [ ] No
Requested return date and explanation of emergency:_____

_____

_____

**Signature of Moving Attorney:**
/s/ Robert K. Kry _____ Date: 6/21/2013 _____    Has service been effected? [✓] Yes  [ ] No [Attach proof of service]

### ORDER

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED  DENIED**.

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____    By: _____

**Form T-1080**

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

WING F. CHAU and HARDING
ADVISORY LLC,

      Plaintiffs-Appellants,

      v.

MICHAEL LEWIS, STEVEN
EISMAN, and W.W. NORTON
& COMPANY, INC.,

      Defendants-Appellees.

No. 13-1217

## APPELLANTS' UNOPPOSED MOTION
## FOR LEAVE TO FILE UNDER SEAL

Plaintiffs-Appellants Wing F. Chau and Harding Advisory LLC respectfully move for leave to file under seal the unredacted version of their page proof opening brief and special appendix previously submitted to the Court on June 14, 2013. All parties consent to this motion.

On May 13, 2011, the district court (Daniels, J.) entered a stipulated protective order (Dkt. 21), attached as an exhibit to this motion. Pursuant to that order, certain documents and deposition excerpts were designated confidential and filed under seal in the district court. Portions of Plaintiffs-Appellants' page proof opening brief quote from or otherwise disclose the contents of those sealed materials. Those materials include confidential business information relating to Mr. Chau's

ventures, private and sensitive personal information relating to Mr. Chau, and materials designated confidential by other parties. Appellants previously filed a redacted version of their page proof opening brief. The redacted passages comprise only a small portion of the brief.

Accordingly, good cause for sealing appellants' unredacted page proof opening brief exists. All parties consent to this motion.

June 21, 2013

Respectfully submitted,

_/s/ Robert K. Kry_____
Steven F. Molo
Robert K. Kry
MOLOLAMKEN LLP
540 Madison Avenue
New York, NY 10022
(212) 607-8160

*Counsel for Plaintiffs-Appellants*
*Wing F. Chau and Harding*
*Advisory LLC*



ELECTRONICALLY FILED
DOC #:
DATE FILED MAY 1 3 2011

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

WING F. CHAU and HARDING
ADVISORY LLC,

                          Plaintiffs,

              v.

MICHAEL LEWIS, STEVEN
EISMAN, and W.W. NORTON &
COMPANY, INC.,

                          Defendants.

---

Civil Action No. 11-cv-1333 (GBD)

**STIPULATED CONFIDENTIALITY**
**AGREEMENT AND PROTECTIVE**
**ORDER**

Whereas, plaintiffs Wing F. Chau and Harding Advisory LLC and defendants Michael

Lewis, Steven Eisman, and W.W. Norton & Company, Inc. may seek discovery from the other

party, including documents, information, or other materials that may contain or relate to

confidential, proprietary, or trade secret information of the party or of a third party;

Whereas, the parties wish to ensure that confidential, proprietary, or trade secret

information will be used only for the purposes of this action and will not be disclosed or used in

any other way;

The parties stipulate and agree to the terms, and jointly move this Court pursuant to

Federal Rule of Civil Procedure 26(c), for entry of the following Protective Order, and the Court

finds that, in light of the nature of the sensitive information that may be sought in discovery,

good cause exists for the entry of the following Protective Order.

IT IS HEREBY ORDERED that the following provisions shall govern claims of

confidentiality in these proceedings:

(a) All documents or portions of documents containing trade secrets, special formulas,

company security matters, customer lists, financial data, projected sales data, other confidential, private, or proprietary research and any sources of research or information, production data, matters relating to mergers, acquisitions, and joint ventures, any information of a personal or intimate nature regarding any individual, and any other category of information hereinafter given confidential status by the Court, provided such documents have not previously been disclosed on a non-confidential basis by the producing party to anyone except those in its employment or those retained by it, may be designated confidential after review by an attorney for the producing party by stamping or otherwise clearly marking the protected portion with the word "Confidential." Any non-paginated electronic information such as metadata or source files will be treated as confidential if the document or documents with which it is associated is marked "Confidential."

(b) Documents or portions of documents designated confidential shall be shown only to the attorneys, the parties, parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents or portions of documents shall first be provided a copy of this order and shall further be advised of the obligation to honor the confidentiality designation.

(c) Review of the confidential documents or portions of documents and information by counsel, experts, or consultants for the litigants in the litigation, including mock jurors and focus group participants, shall not waive the confidentiality of the documents or objections to production.

(d) The inadvertent, unintentional, or *in camera* disclosure of a confidential document or portion of a document and information shall not generally be deemed a waiver, in whole or in

part, of any party's claims of confidentiality.

(e) If a document or portion of a document designated confidential is disclosed to anyone other than pursuant to this Protective Order, the party responsible for such disclosure immediately must bring all pertinent facts related to such disclosure to the attention of the other parties and must make every reasonable effort to retrieve such confidential document and to prevent further disclosure.

(f) If any party believes a document or portion of a document not described in paragraph (a) should nevertheless be considered confidential, it may make application to the court. Such application shall only be granted for reasons shown and for extraordinary grounds.

(g) If a party believes that a document or portion of a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h) At the time of deposition or within 30 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 30–day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order.

(i) In filing materials with the court in pretrial proceedings, counsel shall file under seal

only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information. The ultimate determination of whether any such materials shall remain under seal will be made by the court. This order shall not apply to the treatment to be given at the trial of this action to information designated as confidential hereunder. Such treatment shall be subject to subsequent order of the Court.

(j) After the conclusion of this action, the provisions of this Protective Order will remain in effect. Within sixty days after the conclusion of this action, the parties will, at the instruction of each producing party as to their confidential documents, either return or destroy all originals and copies of confidential documents and provide a written certification of compliance with the producing party's instructions. Attorneys for all parties may maintain in their files one copy of each pleading filed with the Court, written discovery responses served on the parties, each deposition transcript together with the exhibits marked at the deposition, the trial transcript together with trial exhibits, and documents constituting attorney work product that are based upon or include confidential information. If any attorney retains such documents, he or she will not disclose any confidential information to anyone absent an enforceable subpoena or court order. Upon receipt of a subpoena for confidential information, the party receiving the subpoena will promptly notify the attorney for the party to whom the confidential information belongs.

(k) Between the time the parties agree to this Protective Order and the time the Court enters it, the parties will treat any exchanged confidential information as if the Court already has entered the Protective Order.

(l) Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and any discovery materials they designate as confidential

4

will be treated pursuant to this Protective Order.

SO ORDERED.

Dated: MAY 1 3 2011

_____
United States District Judge